## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-11-784-D |
| | ) | |
| RESHAWNDA D. ALEXANDER, | ) | |
|     Defendant. | ) | |
| | ) | |
| and | ) | |
| | ) | |
| NETSUITE, INC., | ) | |
| and its successors or assigns, | ) | |
|     Garnishee. | ) | |

## POST-JUDGMENT
## CONTINUING WRIT OF GARNISHMENT

TO GARNISHEE:    Netsuite, Inc.
                            2955 Campus Dr.
                            Ste. 100
                            San Mateo, CA   94403

REQUESTED BY:    United States of America
                            ROBERT DON EVANS, JR.
                            Assistant United States Attorney
                            210 Park Avenue, Suite 400
                            Oklahoma City, Oklahoma 73102
                            (405) 553-8700

ISSUED PURSUANT TO: 28 U.S.C. § 3205

      The United States has information indicating that the Garnishee may have possession, custody or control of property in which Defendant has a substantial non-exempt interest, **including non-exempt disposable income (i.e. wages)**. Upon application of the Plaintiff, this Writ is issued against the property of Defendant **Reshawnda D. Alexander**, whose last known address is 5544 N. Portland Avenue, #152, Oklahoma City, OK 73112.

Pending further order of this Court, Garnishee is hereby directed to **withhold and retain** any property [1] in its possession, custody or control in which Defendant has a substantial non-exempt interest at the time this Writ is served or in which the Defendant may obtain an interest in the future, including Defendant's nonexempt disposable earnings. [2] If Garnishee fails to withhold property in accordance with this Writ, Garnishee may be held in contempt by the Court or the Court may enter judgment against the Garnishee for the value of Defendant's nonexempt interest in such property, plus a reasonable attorney's fee to the United States. See 28 U.S.C. §§ 3003(c)(8) and 3205(c)(6).

Within 10 days after receiving a copy of this Writ, Garnishee shall file with the Court Clerk a written answer as required by 28 U.S.C. § 3205(c)(4). Garnishee shall serve a copy of

---

[1] "Property" includes any present or future interest, whether legal or equitable, in real, personal (including chose in action), or mixed property, tangible or intangible, vested or contingent, wherever located and however held (including community property and property held in trust (including spendthrift and pension trusts)), but excludes –

    (A) property held in trust by the United States for the benefit of an Indian tribe or individual Indian; and
    (B) Indian lands subject to restrictions against alienation imposed by the United States.

28 U.S.C. § 3002(12).

[2] " 'Earnings' means compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, or otherwise, and includes periodic payments pursuant to a pension or retirement program." 28 U.S.C. § 3002(6). " 'Disposable earnings' means that part of earnings remaining after all deductions required by law have been withheld." Id. at § 3002(5). " 'Nonexempt disposable earnings' means 25 percent of disposable earnings, subject to section 303 of the Consumer Protection Act, [15 U.S.C. § 1673]." Id. at § 3002(9).

its answer on counsel for the United States, whose address is listed above, and Defendant, whose address is listed below. See Fed. R. Civ. P. 5 for acceptable methods of service.

If no hearing is requested after the Garnishee files its answer, the Court will enter an Order directing the Garnishee as to the disposition of Defendant's non-exempt interest disposable income. **<u>Garnishee shall forward payment each pay period to the U.S. Attorney's Office, 210 Park Avenue, Suite 400, Oklahoma City, Oklahoma 73102</u>**, until Defendant's debt is paid in full, Garnishee no longer has custody or control of any property belonging to Defendant or otherwise ordered by the Court. This Writ of Garnishment is a continuing writ and it will terminate only by:

(A) a court order quashing this Writ of Garnishment, or
(B) exhaustion of property in the possession, custody, or control of the Garnishee in which Defendant has a substantial nonexempt interest (including nonexempt disposable earnings), unless the Garnishee reinstates or re-employs Defendant within 90 days after Defendant's dismissal or resignation, or
(C) satisfaction of the debt with respect to which this Writ is issued.

See 28 U.S.C. 3205(c)(10).

To assist the Garnishee with its obligations under this Writ, the following information is provided:

| | |
|---|---|
| Defendant's Name: | Reshawnda D. Alexander |
| Last Known Address: | 5544 N. Portland Avenue, #152<br>Oklahoma City, OK 73112 |
| Date of Judgment: | November 18, 2011 |
| Nature of Judgment: | Civil |
| Balance due: | $44,903.32 |

Plaintiff will provide (1) Instructions to Garnishee; (2) a Sample Answer to be used by Garnishee, (3) Instructions to Defendant; and (4) a Sample Claim for Exemption and Request for Hearing to be used by Defendant.

IT IS SO ORDERED this 21st day of March, 2017.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE